## Jacob Nickodemus v. The City of East Saginaw.

*Money had and received : Illegal assessment: Involuntary payment.* An action for' money had and received, will lie against a city, to recover money involuntarily paid upon an illegal assessment, where the city has failed, by the irregularity of its proceedings, to obtain any jurisdiction over the subject matter of the assessment.

*What not voluntary payment.* Payment made upon an illegal assessment, under· threat of the immediate seizure and sale of property to satisfy the same, is not voluntary.

*Presumption : City officers.* It will be presumed, in the absence of any proof to the contrary, that the city marshal paid to the city treasurer, as he is required by law to do, all moneys collected by him upon an assessment put into his hands for collection.

*Illegal assessment : Involuntary payment.* Where the whole proceeding to assess a tax is illegal, for want of jurisdiction to act, and suit is brought to recover the money involuntarily paid upon the same, it is of no importance that the warrant upon the assessment roll had expired when payment was made, and that the action of the common council, in extending the same, was irregular; a party has a right to submit to the illegal exaction for the time being, to avoid the seizure and sale of his property, and trust to a civil action to recover it back.

*Right of petition: Equitable estoppel.* In such a suit the fact that the plaintiff petitioned for the improvement for which the assessment was laid, where it appears that the common council, in ordering the improvement, directed a larger part of the cost to be assessed upon the property benefited, than was asked by such petition, and the manner in which the work was performed is unsatisfactory, does not create an equitable estoppel.

*Submitted on briefs July 13.    Decided October 8.*

Case made from the Recorder's Court of East Saginaw.

This is an action of assumpsit, to recover from the city the sum of eighty-five dollars and one cent, paid by the plaintiff, to the city marshal, upon a special assessment for the improvement of Genesee street.   It was admitted that the tax was illegal.   The evidence showed that the marshal applied to the plaintiff, and demanded payment of the tax, and threatened to seize and sell his personal property, if he refused or declined to pay, and stated to him that the city would make him good, if the tax was not legal; and that the plaintiff paid the tax to avoid the seizure and sale

of his personal property, and while under the conviction that the tax was illegal, and believing the statement of the marshal that the city would make the matter right; that the plaintiff petitioned the common council for the improvement of the street, but requested that one-half of the cost of it be paid by the city at large, and the other half by the owners of the property to be benefited; that the common council, in ordering the improvement, directed a larger proportion than one-half of the cost of the improvement, to be assessed upon the property benefited thereby; that the parties assessed, including the plaintiff, were not satisfied with the manner in which the work upon the street was performed; that the warrant, as it appeared upon the assessment roll, had expired, and that several resolutions of the common council, extending the time for the collection of the assessment, did not appear on the face of the roll; and that the ayes and nays upon the vote on these resolutions did not appear on the records of the common council. There was testimony showing that money collected on this special assessment, was paid to the city treasurer, but none showing that the identical money paid by the plaintiff, was so paid.

The defendant claimed:—

1. That to constitute a payment under duress, it must appear that the warrant attached to the assessment roll was good upon its face, and that, in this case the warrant, as it appeared upon the assessment roll, had expired; and several resolutions of the common council, extending the time for the collection of the assessment, did not appear upon the face of the roll, and were not valid, for that, the ayes and nays do not appear upon the records of the common council.

2. That the plaintiff petitioned for the improvement, had knowledge of the progress of the work, had received

the full benefit of the improvement, and was therefore equitably estopped from setting up this claim.

3. That an action for money had and received, will not lie against a municipal corporation, to recover back the amount of the tax collected and paid into the treasury, although it was collected on a void assessment.

The recorder held :—

1. The fact that the ayes and nays on the resolutions to extend the time for the collection of the tax, did not appear on the records of the common council, and that the resolutions were not endorsed on the roll, was of no importance. The whole proceeding was illegal, and the plaintiff had a right to temporarily submit to the illegal exaction, to avoid the seizure and sale of his property, and trust to a civil action to recover it back, if such an action can be maintained, or to the honor of the common council of the city, on an application to refund the money illegally obtained.—*First National Bank of Sturgis v. Watkins, 21 Mich., 483.*

2. It is a fair presumption of law, in the absence of all proof to the contrary, that the city marshal paid to the treasurer, as he was required by law to do, all moneys collected by him on the assessment.

3. The payment in this case cannot be regarded as voluntary. It was made under the threat of the immediate seizure and sale of the property of the plaintiff. He could not, under our statute, replevy the property, if seized. He might have filed a bill to restrain the collection of the tax, or have paid the tax to avoid the seizure and sale, and recovered the money back from the city, if illegal. But the authorities do not compel the remedy by injunction. The plaintiff had a right to assume that the officer would do what he threatened to do, and he had a right to prefer peaceable submission, and resort to a civil action.

4. An action for money had and received, can be maintained against a municipal corporation, to recover taxes involuntarily paid upon an illegal assessment, where the city has failed, by the irregularity of its proceedings, to obtain any jurisdiction over the subject matter of the assessment.

5. In view of all the facts connected with the plaintiff's petitioning for the improvement in this case, the question of equitable estoppel cannot arise.

Judgment was accordingly rendered for the plaintiff, for the amount of the assessment, and interest from the date of payment.

*Thomas M. James* and *B. J. Brown*, for plaintiff.

*B. M. Thompson* and *William Gillett*, for defendant.

CHRISTIANCY, CH. J.

This was an action brought to recover back the amount of taxes illegally assessed to, and paid by, the plaintiff. The plaintiff recovered judgment for the amount, in the recorder's court, which is brought to this court upon a case made, setting forth the opinion of the recorder, with the correctness of which we are so entirely satisfied, that we adopt it as our own.

The judgment of the recorder is affirmed, with costs to the plaintiff.

The other Justices concurred.