McCauley, J.
The plaintiff alleges in his petition that he was required and compelled by the defendant to pay the taxes he seeks to recover back. The defendant in his answer alleges that the taxes were paid by the plaintiff without objection or protest and, after payment, the taxes were paid over to the city of Cleveland without knowledge of the claim of the plaintiff. This allegation of the answer is not denied by the plaintiff, and no evidence is offered on either side to show the precise circumstances under which the tax was paid.
Conceding that the part of the tax levied by the city was in excess of the amount authorized by law to be levied, and that payment of it could have been successfully resisted, *310 and if payment had been enforced that it might have been recovered back, this case presents the question whether, when a tax has been paid without objection and afterwards it turns out that the tax or part of it was illegal, it may be recovered back.
The right to recover in cases of this kind depends, aside from the question affecting the validity of the tax, mainly upon the manner in which the payment of the tax was enforced. Where the tax was paid, as in Stephan v. Daniels, 27 Ohio St., 527, to prevent the sale of lands as delinquent, for non-payment of taxes, or where payment has been enforced by legal process of any kind, which threatened the seizure or sale of property to satisfy the tax, after payment, it may be recovered back.
But where the tax is paid without objection, the fact that it is afterwards ascertained that it was illegal does not authorize a recovery of the tax. 88 Pa. St., 133; Sanborn v. Commissioners, 97 U. S., 181; Railroad v. Commissioners, 98 Id., 541.
The treasurer took no steps to collect the tax of the plaintiff, but held the duplicate and received the tax when it was offered. It is contended that the fact that the treasurer held the duplicate and by law could, in case the tax was not paid, enforce payment by summary process, is to be regarded as a collection enforced by process. It has been held in many cases that where the tax is paid to an officer holding a warrant for its collection the payment is involuntary. Preston v. Boston, 12 Pick., 14; Nichodemus v. East Saginaw, 25 Mich., 456; Atwell v. Zeluff, 26 Id., 118; Glass Co. v. Boston, 4 Metc., 181.
But in no case has it been held that the fact that the treasurer could by law enforce payment was to be regarded as a menace to the taxpayer, which of itself rendered all payment involuntary and enforced.
This view was urged upon the supreme court of Pennsylvania in the case of McCrickart v. Pittsburgh, 88 Pa. St., 133, but the court refused so to hold and announced the rule to be, that where there is no mistake or fraud, a volun *311 fcary payment can not be recovered back merely because one party was under no obligation to pay and the other had no power to receive.
We think these powers given to the treasurer, without effort on his part to resort to the enforcement of them, do not have the effect to make the payment involuntary. If they did, it would be difficult to see how any payment could be voluntary.
Counsel for plaintiff in error rely largely upon the case of Stephan v. Daniels above referred to, to maintain a right of recovery in this case. The principles determined in that ease which are supposed to have a controlling influence are, that the statute of 1856, S. & C., 1151, now Revised Statutes, section 5848, created new statutory rights of action not theretofore existing, and that to authorize a recovery in such case two things must be shown, — first that the tax is illegal, and second that it has been collected by those authorized by law to make the collection.
As to the first consideration, that the statute created new rights of action, an examination of the case shows, by the comparison there made of the provisions of the statute with the law as it then was in such cases, that it merely provided a remedy in a class of cases in which, without it, there was practically no remedy. And only so far as it provided a remedy not then available it created new rights of action.
The fact, if it be such, that the statute created new rights of action is not a material consideration in such cases, unless it had provided that taxes might be recovered bade upon the single fact that the tax was illegal, which it does not.
Aside from the fact that the tax is illegal, the right of recovery is left at large by the statute, subject to all questions of waiver, estoppel or other defense — which may be urged with the same force in this class of cases, as in any other in which such defenses are pertinent. A statute creating new rights of action does not, because it has that effect, exclude proper matters of defense. The statute pro *312 viding an action for causing death by wrongful act, created rights of action not theretofore existing. An administrator can recover assets of an estate in the hands of a former administrator of the same estate only by force of a statute. It would hardly be thought, because these actions are statutory, that all matters of defense are therefore excluded. Hence the conclusion above stated, that the fact that new rights of action are thus given, does not in any way affect the case on its merits, does not restrict the right to plead and prove any state of fact that on legal principle ought to defeat a recovery.
The facts necessary to be shown % as determined in the case above referred to, that the tax is illegal and that it has been collected by those authorized by law to make the- collection, as that language was there uéed by the court, were not shown in this case. The court, speaking of the means used to make the collection, say: It being admitted that the tax is a nullity it only remains to inquire if it has been collected under process of law. And then the court proceed to inquire whether the facts attending the collection were such as made the payment of the tax involuntary and enforced — and that is the material question determined in the case and upon which the decision rests.
In pursuing this inquiry, if the facts before the court had shown, as they do here, that the tax had been voluntarily paid, there can be no doubt that'the conclusion reached would have been the exact reverse of what it was.
We think therefore that it was competent for the treasurer to make the defense, that the tax had been voluntarily paid, and that the plaintiff in error by such payment, waived all objection he might have urged against the illegality of the tax in an action to enforce its collection.
Judgment affirmed.